IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICKY L. HOLLINS, et al.,**

                  **Plaintiffs,**

    v.                                     **CASE NO. 24-3134-JWL**

**KDOC STAFF, et al.,**

                  **Defendants.**

**MEMORANDUM AND ORDER**

       The Court finds that this matter is subject to dismissal for the reasons explained below. The Court further denies the plaintiffs' Motions for Leave to Proceed in forma pauperis (Docs. 2, 9) and Motion to Appoint Counsel (Doc. 8).

**I. Nature of the Matter before the Court**

       The plaintiffs, Ricky Hollins and Richard Butler, are prisoners confined at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. The plaintiffs proceed *pro se*.

       Plaintiffs make allegations about the food they have been served in the Restricted Housing Unit ("RHU") at EDCF. They claim that the staff distributing the food trays always run out of trays when they get to the plaintiffs. (Complaint, Doc. 1, at 2.) Staff then goes to the warmer and gets two trays that are marked with tape or have a gray tray on top. *Id*. On an unspecified date, trays were served, the plaintiffs ate, and afterwards had "really bad stomach pains." *Id*. at 11. "This went on for 2 weeks." *Id*. At breakfast on another day, the plaintiffs ate, had the same stomach pain as before, and threw up. *Id*. at 11-12. After lunch, the same thing happened. *Id*. at 12. On May 25, 2024, the plaintiffs noticed a clear, oily substance on their trays. The Complaint

1

states that they took samples of the substance and sent it to their families for testing. *Id.* According to Plaintiffs, the substance was on their food again on June 5, 6, and 7, July 25, 2024. *Id.* at 17-18. On July 18 and 20, 2024, the food on their trays was "old and stale." *Id.* The plaintiffs assert violation of their Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 3.

Plaintiffs name the following defendants: KDOC Staff; Anthony Bishop, KDOC staff; Annika Heptig, KDOC staff; Keenan Dodd, KDOC staff; Dakota Everett, KDOC staff; Dana Flores, KDOC staff; Phillip Marley, KDOC staff; Derrick Pheifer, KDOC staff; Michael Owens, KDOC staff; Kenechukwu Okafor, KDOC staff; Tanner Nelson, KDOC staff; Nathan Cervantes, KDOC staff; Aliexis Cervantes, KDOC staff; Curtis Stephenson, KDOC staff; Kyle Pinkerton, KDOC staff; Matthew Dunagan KDOC staff; Patrick Jewers, KDOC staff; Keyon Reynolds, Unit Team staff; Ethan Ebberts, Aramark staff; Dylan Ebberts, Aramark staff; Michael Ebberts, Aramark staff; Thomas Williams, Warden; David Lewis, R.H.U. Manager; Jannell Buchanan, Unit Team Manager; Craig Brewer; Unit Team Supervisor; and Nicole Scolari, Unit Team Staff. Plaintiffs seek to be tested for the contaminating substance. They also seek additional relief that they will reveal "at a later date." *Id.* at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Prison Litigation Reform Act requires that prisoners seeking relief in a non-habeas civil action in federal court must pay the full district court filing fee, albeit over time if the prisoner qualifies for *in forma pauperis* status. 28 U.S.C. § 1915(b)(1). This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g., Hubbard v. Haley,* 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing

fee) and *Pinson v. Whetsel,* No. CIV-06-1372-F, 2007 WL 428191(W.D. Okla. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citation omitted).

In addition, Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *See Vreeland v. Raemisch*, Case No. 18-cv-02685-GPB, 2018 WL 10502075, at *1 (D. Colo. Oct. 31, 2018) (stating that "a multiple-plaintiff suit does not pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to the joint cause of action") (citation omitted). "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted).

Further, the case cannot proceed as a class action with any *pro se* plaintiff as class representative. "A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class." *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class." *Id*. (citation omitted). The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000), concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is

5

'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321(citation omitted).  Thus, a *pro se* plaintiff cannot adequately represent a class or another plaintiff.

Accordingly, this case may not proceed as filed and is dismissed without prejudice.  Each plaintiff must file a separate complaint accompanied by the full filing fee or a motion for leave to proceed *in forma pauperis* with the required supporting financial information.  The Court will then address in each case the individual plaintiff's payment obligations under § 1915(b) and will conduct an initial review of each complaint under §§ 1915(e)(2) and 1915A.

The Court cautions the potential plaintiffs that there are additional problems with the Complaint as filed.  Each plaintiff needs to include factual allegations specific to his individual situation explaining how his constitutional rights were violated.  Moreover, the Complaint names numerous defendants who are not otherwise mentioned in the description of events.  The Complaint needs to include factual allegations outlining how each named defendant personally participated in the alleged constitutional violations.

Also before the Court is a joint motion for leave to proceed in forma pauperis (Doc. 2) and a motion for leave to proceed in forma pauperis signed by Plaintiff Butler (Doc. 9).  The joint motion is signed by both plaintiffs.  Neither motion is on a court-approved form, and neither include the 6-month trust account statement required by law.  *See* 28 U.S.C. § 1915(a)(2).  The Court denies both motions without prejudice.  Each Plaintiff should file an individual motion with his individual complaint.  The motions must be on court-approved forms and include the required financial information.

The plaintiffs have also filed a joint motion to appoint counsel (Doc. 8).  They claim they are unable to afford counsel, their claims are complex, and they have limited access to legal materials and limited knowledge of the law.  The Court has considered Plaintiffs' motion for

appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiffs have asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiffs appear capable of adequately presenting facts and arguments. Considering these factors, the Court denies the motion. As explained above, the case may not proceed as filed. Each Plaintiff who chooses to file an individual complaint may also file a motion for appointment of counsel, which the Court will consider.

**IT IS THEREFORE BY THE COURT ORDERED** that this matter is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions for Leave to Proceed in forma pauperis (Docs. 2 and 9) and Motion to Appoint Counsel (Doc. 8) are **denied**.

The Clerk is directed to send § 1983 forms and instructions to each plaintiff.

**IT IS SO ORDERED**.

**Dated November 20, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**